| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>**WOLLMUTH MAHER & DEUTSCH LLP**<br>Paul R. DeFilippo, Esq.<br>500 Fifth Avenue<br>New York, New York 10110<br>Telephone: (212) 382-3300<br>Facsimile: (212) 382-0050<br>pdefilippo@wmd-law.com<br><br>**JONES DAY**<br>Gregory M. Gordon, Esq.<br>Brad B. Erens, Esq.<br>Dan B. Prieto, Esq.<br>Amanda Rush, Esq.<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>bberens@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br>(Admitted *pro hac vice*)<br><br>*ATTORNEYS FOR DEBTOR* | **Order Filed on July 14, 2023**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |
| In re:<br>LTL MANAGEMENT LLC,[1]<br><br>                Debtor. | Chapter 11<br>Case No.: 23-12825 (MBK)<br>Honorable Michael B. Kaplan |
| In re:<br>LTL MANAGEMENT LLC,<br>                Plaintiff,<br>v.<br>THOSE PARTIES LISTED ON APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000,<br>                Defendants. | Adv. No. 23-01092 (MBK)<br><br>**Hearing Date and Time:**<br>June 2, 2023 at 11:30 a.m.,<br>June 13, 2023 at 10:00 a.m.<br>& June 22, 2023 at 1:30 p.m. |

## ORDER EXTENDING THE PRELIMINARY INJUNCTION

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: July 14, 2023**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page 2)
Debtor: LTL Management LLC
Case No. 23-1092-MBK
Caption: Order Extending the Preliminary Injunction

This matter coming before the Court on the *Debtor's Motion for a Bridge Order Confirming the Automatic Stay Applies to Certain Actions Asserted Against Affiliates or Temporarily Extending the Stay and Preliminary Injunction to Such Actions Pending a Final Hearing on the Requested Relief* [Adv. Dkt. 147] (the "Bridge Order Motion") and the *Debtor's Motion (I) to Extend and Modify the Preliminary Injunction Order and (II) for Confirmation that Successor Liability Actions are Subject to the Automatic Stay* [Adv. Dkt. 163] (the "Injunction Extension Motion") and, together with the Bridge Order Motion, the "Motions),[2] filed by the debtor in the above-captioned case (the "Debtor"), pursuant to sections 105(a) and 362 of the Bankruptcy Code; the Court having reviewed the Motions, the objections filed by the Official Committee of Talc Claimants [Adv. Dkts. 157, 169, 189], the United States Trustee for the District of New Jersey [Adv. Dkt. 170], Creditors Marlin & Georgia Eagles [Adv. Dkt. 174], Maune Raichle Hartley French & Mudd [Adv. Dkts. 158, 177], Christopher M. Placitella on behalf of Justin Bergeron [Adv. Dkts. 151, 180], Levy Konigsberg LLP on behalf of Paul Crouch [Adv. Dkt. 187] (collectively, the "Objections"), the Debtor's reply in support of the relief requested in the Motions [Adv. Dkt. 185] and the Ad Hoc Committee of Supporting Counsel's statement in support of the Motions [Adv. Dkt. 175]; the Court having heard the statements of counsel at hearings before the Court on June 2, 2023, June 13, 2023 and June 22, 2023 (collectively, the "Hearings"); the Court having issued its opinion (the "Bench Ruling") granting in part the relief requested by the Motions at hearings before the Court on June 13, 2023 and

---

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Injunction Extension Motion or the PI Order, as appropriate.

(Page 3)
Debtor:  LTL Management LLC
Case No. 23-1092-MBK
Caption:  Order Extending the Preliminary Injunction

June 27, 2023; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference, (b) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (d) notice of the Motions and Hearings was sufficient under the circumstances; the Court having overruled the Objections to the extent set forth in the Bench Ruling; and, for the reasons set forth in the Bench Ruling, the Court having determined that the legal and factual bases set forth in the Motions establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT**:

1. The Motions are **GRANTED IN PART** and **DENIED IN PART**, as set forth herein.

2. The Defendants identified in Appendix A to the Complaint, as amended [Adv. Dkts. 1, 55] are hereby stayed and/or enjoined pursuant to sections 105(a) and 362 of the Bankruptcy Code from the commencement or conducting of any trial or appeal of any Debtor Talc Claim against any of the Protected Parties identified in Appendix B to the Complaint, as amended [Adv. Dkts. 1, 55] (including, for the avoidance of doubt, Janssen Pharmaceuticals, Inc. and Kenvue Inc.) (collectively, the "Modified Protected Parties") through and including August 22, 2023, but nothing in this order (except as provided in Paragraph 3 below) shall be construed to enjoin or restrain any party from commencing or proceeding with discovery or other pretrial matters in those suits, or from filing suit against a Protected Party, subject to Paragraph 5 below. The Motions are denied to the extent they assert that the claims asserted against Janssen

(Page 4)
Debtor:  LTL Management LLC
Case No. 23-1092-MBK
Caption:  Order Extending the Preliminary Injunction

Pharmaceuticals, Inc. and Kenvue Inc. in the subject complaints are property of the bankruptcy estate.

    3.  The parties to the multi-district litigation pending before the Honorable Michael Schipp (the "MDL Litigation") concerning ovarian cancer cases shall take no legal action with regard to the MDL Litigation until August 22, 2023, on which date the Court shall consider whether any further restraints with regard to the MDL Litigation shall be issued. Notwithstanding the foregoing, parties in lawsuits pending in the MDL Litigation who wish to perpetuate the testimony of any person subject to this Order who is not expected to survive the duration of this Order or who otherwise is expected to be unable to provide testimony if it is not perpetuated during the duration of this Order shall be permitted to do so subject to the process outlined in the *In Extremis Deposition Protocol* entered on January 23, 2017 in the MDL Litigation.

    4.  With respect to all activities enjoined by this Order, this Order shall toll, as of April 4, 2023, the time period fixed under any applicable non-bankruptcy law, any order entered in a non-bankruptcy proceeding, or any agreement that fixes a period under which an enjoined Defendant is required to commence or continue a civil action in a court other than this Court on any Debtor Talc Claim asserted against the Debtor or any of the Modified Protected Parties until the later of:  (i) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (ii) 30 days after notice of the termination or expiration of the stay or preliminary injunction issued by this Order.  Any tolling of the period for any Defendant to file a complaint asserting a Debtor Talc Claim against a

(Page 5)
Debtor: LTL Management LLC
Case No. 23-1092-MBK
Caption: Order Extending the Preliminary Injunction

Modified Protected Party shall terminate upon the Debtor's receipt of written notice of such Defendant's intent to file such a complaint, as set forth in Paragraph 5 below.

5.  The filing of any complaint by any Defendant asserting any Debtor Talc Claim against any of the Modified Protected Parties shall be and hereby is stayed and enjoined until the Defendant, through counsel, notifies the Debtor in writing of his, her, or their interests and intent to proceed with the filing of a complaint. Once filed, such cases will be subject to the restrictions on trial set forth in Paragraph 2, but shall be free to commence or proceed with discovery or other pretrial matters as set forth in Paragraph 2.

6.  Nothing herein is intended to alter or impact the order entered by the Court with regard to the case of <u>Valadez v. Johnson & Johnson et al.</u>, entered at <u>Dkt. 595</u> in Case No. 23-12825. For the avoidance of doubt, trial in that matter will be permitted to continue.

7.  Imerys Talc America, Inc. and its affiliates (collectively, the "<u>Imerys Entities</u>") and Cyprus Mines Corporation and its affiliates (collectively, the "<u>Cyprus Entities</u>") are not Defendants in this proceeding and the relief granted herein shall not apply to the Imerys Entities or the Cyprus Entities, and the findings of fact and conclusions of law set forth in this Order shall not bind the Imerys Entities or the Cyprus Entities, without prejudice to the Debtor's right to seek (and other parties' right to oppose) such relief in the future.

8.  Governmental units (as defined under section 101 of the Bankruptcy Code) are not Defendants in this proceeding and the relief granted herein, including any relief granted under this Order under section 105 of the Bankruptcy Code, shall not apply to restrict or

(Page 6)
Debtor:  LTL Management LLC
Case No. 23-1092-MBK
Caption:  Order Extending the Preliminary Injunction

enlarge the rights of the Debtor or any governmental unit under applicable bankruptcy law, without prejudice to any parties' right to seek or oppose relief in the future.

9. The deadline to file any answer or other response to the Complaint is tolled indefinitely subject to an order of this Court.

10. Notwithstanding anything to the contrary in this Order, the limited preliminary restraints issued by the Order shall not include, and the automatic stay shall continue to be lifted to permit the applicable Defendants to proceed with and complete, the following appeals, in each of which surety bonds have been issued in connection with the appeal: (a) Olson; (b) Schmitz; (c) Barden (as to Barden, Etheridge, McNeill and Ronning); and (d) Prudencio.

11. The requirement set forth in D.N.J. LBR 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

12. The Debtor shall cause a copy of this Order to be served via e-mail, facsimile, hand delivery or overnight carrier on the Modified Protected Parties and counsel for the known Defendants within three business days of its entry on the Court's docket.

13. This Court retains jurisdiction over this Order and any and all matters arising from or related to the interpretation or enforcement of this Order.

Form order − ntcorder

## UNITED STATES BANKRUPTCY COURT

District of New Jersey
402 East State Street
Trenton, NJ 08608

In Re:  LTL Management LLC
Debtor

Case No.: 23−12825−MBK
Chapter 11

LTL Management LLC
Plaintiff

v.

Those Parties Listed on Appendix A to the Complaint and
John and Jane Does 1−1000
Defendant

Adv. Proc. No. 23−01092−MBK                              Judge: Michael B. Kaplan

### NOTICE OF JUDGMENT OR ORDER
Pursuant to Fed. R. Bankr. P. 9022

Please be advised that on July 14, 2023, the court entered the following judgment or order on the court's docket in the above−captioned case:

Document Number: 203 − 147, 163
ORDER EXTENDING THE PRELIMINARY INJUNCTION (related document:147 Motion re: Debtor's Motion for a Bridge Order Confirming the Automatic Stay Applies to Certain Actions Asserted Against Affiliates or Temporarily Extending the Stay and Preliminary Injunction to Such Actions Pending a Final Hearing on the Requested Relief Filed by LTL Management LLC. 163 Motion re: Debtor's Motion (I) To Extend and Modify the Preliminary Injunction Order and (II) for Confirmation That Successor Liability Actions Are Subject to the Automatic Stay Filed by Paul R. DeFilippo on behalf of LTL Management LLC. Service of notice of the entry of this order pursuant to Rule 9022 was made on the appropriate parties. Signed on 7/14/2023. (wiq)

Parties may review the order by accessing it through PACER or the court's electronic case filing system (CM/ECF). Public terminals for viewing are also available at the courthouse in each vicinage.

Dated: July 14, 2023
JAN: wiq

Jeanne Naughton
Clerk